Filed 4/5/16  Ridgecrest Regional Hospital v. Douglas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RIDGECREST REGIONAL HOSPITAL, | B261398 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BS146499) |
| TOBY DOUGLAS, as Director, etc., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. James C. Chalfant, Judge.  Affirmed.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, and Richard T. Waldow and Kristen T. Dalessio, Deputy Attorneys General, for Defendant and Appellant.

Law Offices of Thomas J. Weiss, Thomas J. Weiss and Lindsay K. Seltzer for Plaintiff and Respondent.

_____

Dissatisfied with an audit adjustment issued by the California Department of Health Care Services (the Department), Ridgecrest Regional Hospital (Ridgecrest) filed an administrative action. The administrative law judge (ALJ) eventually dismissed Ridgecrest's administrative appeal on the grounds that he lacked jurisdiction to grant the requested relief. Ridgecrest filed a petition for writ of mandate, seeking an order reversing the dismissal of its administrative appeal. The trial court granted Ridgecrest's petition, and Jennifer Kent,[1] as Director of the Department, appeals. Relying largely upon *Mission Hospital Regional Medical Center v. Shewry* (2008) 168 Cal.App.4th 460 (*Mission I*), *Mission Hospital Regional Medical Center v. Douglas* (May 25, 2011, C062792) 2011 Cal.App. Lexis 4036 [nonpub. opn.] (*Mission II*), and *Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717 (*Hi-Desert*), the Department asserts that Ridgecrest is collaterally estopped from pursing its administrative appeal and that the ALJ properly determined that he lacked jurisdiction to grant relief to Ridgecrest.

We do not agree with the Department. The elements of collateral estoppel have not been shown, and the ALJ had the authority to grant the requested relief. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*I. Factual Background*

    A. *Mission I*

"The federal Medicaid program provides financial assistance to states that provide medical treatment to needy persons. [Citation.] 'California participates in the federal Medicaid program through the Medi-Cal program,' and the Department is the state agency authorized to administer the Medi-Cal program. [Citation.]

---

[1]     On January 26, 2015, Jennifer Kent was appointed as the Director of the Department of Health Care Services, succeeding former Director Toby Douglas.

"In 2004, the Legislature enacted Senate Bill 1103,[2] which limited reimbursement rates to noncontract hospitals . . . .[3] [Citation.]" (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 721.)

In September 2005, various noncontract hospitals, but not Ridgecrest, filed a petition for writ of mandate in Sacramento Superior Court challenging the validity of SB 1103. (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 721.) On December 19, 2006, the Sacramento Superior Court rejected most of the noncontract hospitals' allegations, and the noncontract hospitals filed an appeal. (*Mission I*, *supra*, 168 Cal.App.4th at pp. 477–478; *Hi-Desert*, *supra*, at p. 721.)

B. Administrative Action and Stay Pending Resolution of *Mission I*

Meanwhile in 2006 and 2007, the Department issued audit reports for the 2004-2005 fiscal year to noncontract hospitals, including Ridgecrest. (*Mission I*, *supra*, 168 Cal.App.4th at p. 483.) On July 13, 2007, the Department issued an audit report for Ridgecrest, including adjustment 1, which is a $216,246 reduction pursuant to SB 1103. On July 30, 2007, Ridgecrest filed an administrative appeal challenging adjustment 1, claiming that SB 1103 was invalid.

The hearing on the administrative appeal was originally scheduled for December 20, 2007. But, on September 24, 2007, Ridgecrest contacted the ALJ, writing: "The singular issue involved in this matter relates to [SB 1103] and its application to non[]contract hospitals in California. Ridgecrest . . . is a non[]contract facility. Currently, the same issues involved in this case are being heard in a pending state court action, [*Mission I*]. [¶] Because the decision in [*Mission I*] will impact this case, we are requesting that the matter be taken off calendar."

---

[2]  Senate Bill No. 1103 (2003-2004 Reg. Sess.) (SB 1103).

[3]  Certain hospitals are paid according to negotiated rates set out in contracts with the Department. Others, like Ridgecrest, provide services to Medi-Cal beneficiaries without a contract with the Department. (*Mission I*, *supra*, 168 Cal.App.4th at p. 474.)

3

The ALJ granted Ridgecrest's request and took the hearing off calendar.[4]

C. Victory for the Noncontract Hospitals in *Mission I*

"On November 19, 2008, the Court of Appeal, Third Appellate District, reversed the trial court's judgment on one legal ground only, concluding that the Legislature had failed to comply with the notice and comment procedures of title 42 United States Code section 1396a(a)(13)(A). (*Mission I*, *supra*, 168 Cal.App.4th at p. 480.) The Court of Appeal ordered the Sacramento Superior Court to issue a writ of mandate prohibiting the Department from applying [SB 1103] in calculating the [noncontract hospitals'] rates for the state fiscal year 2004-2005. (168 Cal.App.4th at p. 493.)" (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 722.)

D. Motion to Enforce the Writ; Writ Granted as Requested by the Noncontract Hospitals

"After remand, on April 22, 2009, the Sacramento Superior Court issued a writ of mandate prohibiting the Department from applying SB 1103 in computing reimbursement rates for the fiscal year 2004-2005. [Citation.] The parties disputed whether this decision applied retroactively. The Department believed that, by this time, it had already applied [SB 1103] and reimbursed most of the noncontract hospitals. The [noncontract] hospitals, on the other hand, claimed that *Mission I*'s holding entitled them to both retroactive and prospective relief. [Citation.] Thus, the [noncontract hospitals] filed a motion to enforce the writ of mandate, asking the trial court to order the Department 'to recalculate the reimbursement amounts for 2004-2005 for all plaintiffs and to reimburse them the amounts they would have received for that fiscal year had Stats[.] section 32 [of SB 1103] not been applied.' [Citation.] (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 722.)

---

[4] In May 2008, Ridgecrest again asked that the status conference be continued on the grounds that the same issues were pending in *Mission I*. And in November 2008, Ridgecrest informed the ALJ that according to counsel in that case, a decision was expected within 90 days that would "affect this case since the case involves application of [SB 1103] to non-contract hospitals."

"The trial court granted the [noncontract] hospitals' petition, and the Department appealed. [Citation.]" (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 722.)

E. Court of Appeal Reverses Trial Court (*Mission II*)

"The Court of Appeal, Third Appellate District, reversed the trial court order enforcing the writ, holding that the trial court 'lacked jurisdiction to authorize additional relief beyond what [had been] ordered.' [Citation.] The Court of Appeal reasoned as follows: In *Mission I*, the [noncontract hospitals] only sought 'prospective declaratory and mandamus relief'; they did not request any other type of relief, including 'financial reimbursement.' [Citation.] While the Court of Appeal was expressly 'sympathetic to plaintiffs' and the trial court's efforts to ensure the state does not enrich itself pursuant to its unlawful acts, which are here established by the Legislature and the Department's decision not to challenge *Mission . . . I* substantively in their petition for review[,] . . . the enforcement burden rested on plaintiffs. If they wanted to be reimbursed for monies wrongfully withheld or taken, they were burdened to make all appropriate allegations and pleadings for that to occur. They did not do this in *Mission . . . I*.' [Citation.]" (*Hi-Desert, supra*, 239 Cal.App.4th at p. 723.)

F. Motion to Amend the 2005 Petition and the New Petition

"Following *Mission II*, on November 18, 2011, the [noncontract] hospitals moved to amend the 2005 petition in Sacramento Superior Court to allege a request for reimbursement. On the same day that the motion for leave to amend was filed, the [noncontract] hospitals filed a new petition in Sacramento Superior Court (*Mission III*),[5] mirroring the 2005 petition, but expressly praying for reimbursement in a manner similar to their proposed amended petition. The Sacramento Superior Court denied the motion to amend the 2005 petition on the grounds that the pleading was substantively identical to the newly filed *Mission III* petition. The [noncontract] hospitals did not appeal that ruling." (*Hi-Desert, supra*, 239 Cal.App.4th at p. 723.)

---

[5] *Mission I*, *Mission II*, and *Mission III* are referred to collectively as the *Mission* litigation.

"In April 2013, the Department and some of the [noncontract] hospitals settled the original 2005 petition. Later, the [noncontract] hospitals filed a notice of dismissal of the *Mission III* petition without prejudice." (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 723, fn. omitted.)

G. Dismissal of Ridgecrest's Administrative Appeal

On August 26, 2013, the Department filed a motion to dismiss Ridgecrest's administrative appeal on the grounds that (1) Ridgecrest's claim was barred by the doctrine of res judicata, and (2) the ALJ lacked jurisdiction to set aside adjustment 1 and grant Ridgecrest's request for retroactive relief. Ridgecrest opposed the motion.

On October 9, 2013, the ALJ granted the Department's motion on jurisdictional grounds. It reasoned: "Since the audit report was issued before the prospective injunction in *Mission I* was rendered, the Department was not enjoined from applying Section 32 to the audit. [Ridgecrest] contends it is not seeking a determination of the validity and enforceability of SB 1103 in this administrative appeal, but that it seeks a reversal of the audit adjustment made pursuant to section 32 on the basis of the [C]ourt of [A]ppeal decision in *Mission I*. . . . [T]he *Mission I* court did not rule on whether Section 32 was valid at the time that the Department conducted its respective audits. Yet here, in seeking reversal of audit adjustment 1, [Ridgecrest] is requesting that this tribunal go beyond the judgment in *Mission I* and grant it retroactive relief by finding that Section 32 was invalid at the time the subject audit report was issued. This tribunal simply lacks jurisdiction to grant such relief because under article III, section 3.5 of the California Constitution, an administrative agency is prohibited from declaring a statute unconstitutional or unenforceable. Accordingly, the appeal is dismissed as this tribunal does not have jurisdiction to hear the matter." (Fns. omitted.)

In so ruling, the ALJ rejected the Department's res judicata argument, noting that the petitioners in the *Mission* litigation (which did not include Ridgecrest) "were denied retroactive monetary relief because they did not request it in their pleading." However, Ridgecrest was "clearly seeking retroactive monetary relief by its challenge to adjustment 1 in this administrative appeal. Accordingly, it cannot be said that the interests of

6

[Ridgecrest] in obtaining monetary relief were fully and adequately represented in *Mission I*, and it would be unfair to bind it to the result in that litigation by finding it to be in privity with the *Mission I*' noncontract hospital petitioners.

        H.  *Hi-Desert*

Following the settlement of the original 2005 *Mission* petition, the Department successfully moved to dismiss the noncontract hospitals' pending administrative appeals, partly based upon the doctrine of res judicata. (*Hi-Desert*, *supra*, 239 Cal.App.4th at pp. 724–726.) This prompted various noncontract hospitals to file new petitions for writs of mandate in Los Angeles Superior Court, seeking to overturn the orders dismissing their administrative appeals. (*Id*. at pp. 726–730.) Three of the four underlying petitions for writ of mandate involved in *Hi-Desert* were denied; one was granted. (*Ibid*.)

On August 18, 2015, this court determined that the administrative appeals were barred by the doctrine of res judicata or forfeiture.[6] (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 720.) With respect to res judicata, we held that the parties involved in *Hi-Desert* were the same as those in the *Mission* litigation; *Mission I* and *Mission II* resulted in final judgments on the merits; and the same claims were involved. (*Hi-Desert*, *supra*, 239 Cal.App.4th at p. 732.) Moreover, the scales of equity in *Hi-Desert* tipped in favor of the Department. (*Id*. at p. 738.) After all, those noncontract hospitals "did not request monetary relief when they filed their original petition, when they could have." (*Ibid*.)

*II. Procedural Background*

On December 20, 2013, Ridgecrest timely filed the instant petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5, seeking an order reversing dismissal of its administrative appeal.

---

[6]    The claims brought by Dignity Health, doing business as San Gabriel Valley Medical Center, Hi-Desert Medical Center, and George L. Mee Memorial Hospital were barred by res judicata. Modoc Medical Center's claim was barred by the doctrine of forfeiture.

On September 17, 2014, Ridgecrest filed a motion in support of its request for a writ of mandate. The Department opposed the motion.

After considering the parties' arguments, the trial court issued a lengthy and detailed order granting Ridgecrest's petition for writ of mandate. It determined that the ALJ erred in finding that he lacked jurisdiction. It also concluded that Ridgecrest was not collaterally estopped from bringing its claim.

Judgment was entered, and this timely appeal ensued.

## DISCUSSION

I. *Standard of review*

We review the trial court's decision to grant a writ of mandate under the abuse of discretion standard. "'Abuse of discretion is established if the [public agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.' [Citations.]" (*County of Kern v. State Dept. of Health Care Services* (2009) 180 Cal.App.4th 1504, 1510.) Like the trial court, our task is to determine whether the Department's decision is supported by substantial evidence. (*Pacific Coast Medical Enterprises v. Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 208–209.)

"As to questions of law, appellate courts perform essentially the same function as trial courts in an administrative mandate proceeding, and the trial court's conclusions of law are reviewed de novo. [Citation.]" (*Jenron Corp. v. Department of Social Services* (1997) 54 Cal.App.4th 1429, 1434.)

II. *The trial court did not err in granting Ridgecrest's request for a writ of mandate*

The question presented in this appeal is whether the trial court rightly granted Ridgecrest's request for a writ of mandate seeking to overturn the dismissal of its administrative action. We conclude that the answer is yes.

A. Collateral estoppel

The Department first argues that the trial court erred in granting the writ petition because Ridgecrest's current administrative appeal is barred by the doctrine of collateral estoppel.

8

Collateral estoppel "precludes relitigation of issues argued and decided in prior proceedings." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511 (*Hernandez*).) The doctrine applies if five elements are met: (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. (*Ibid.*)

"For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding. [Citation.]" (*Hernandez*, *supra*, 46 Cal.4th at p. 511.)

As the trial court here found, Ridgecrest "seeks and allegedly stands ready to prove its entitlement to a refund at the administrative proceeding." That issue has never been actually litigated in any prior proceeding. The only issues previously determined were the invalidity of SB 1103 (*Mission I*), the petitioners' failure to properly request reimbursement for monies improperly withheld (*Mission II*), and the res judicata bar against petitioners' subsequent attempt to relitigate the same claim (*Hi-Desert*).[7]

For that reason, we agree with the trial court that we need not decide whether Ridgecrest is in privity with the hospitals that were petitioners in the *Mission* litigation and parties to *Hi-Desert*. The bottom line in this case is different than the one in *Hi-Desert*: As noted in *Hi-Desert*, the petitioners in the *Mission* litigation had the opportunity to plead and request monetary relief; they did not properly do so. Ridgecrest,

---

[7] The Department's argument based upon the same primary right theory is a red herring. The primary right doctrine only arises in the context of claim preclusion (*Fujifilm Corp. v. Yang* (2014) 223 Cal.App.4th 326, 331), which is different than issue preclusion. (See *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823–825.) Claim preclusion is not at issue here because Ridgecrest has never asserted its claim outside its administrative proceeding; there was no prior cause of action by Ridgecrest.

who was not a party to the prior proceedings, has never had the opportunity to plead and request monetary relief. Thus, the issue of privity is irrelevant.

Citing *Lynch v. Glass* (1975) 44 Cal.App.3d 943, 948–949 (*Lynch*), the Department argues that Ridgecrest reasonably expected to be bound by the decisions in the *Mission I* and *Mission II*, as evidenced by its own admissions in the administrative proceedings.

In *Lynch*, the court recognized that a "nonparty should reasonably be expected to be bound [by a prior proceeding] if he had in reality contested the prior action even if he did not make a formal appearance. Thus, collateral estoppel has been applied against nonparties who had a proprietary or financial interest in and control of, a prior action. [Citations.] [¶] Collateral estoppel has been given effect in a second category of cases against one who did not actually appear in the prior action. These cases involve situations where the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for a nonparty," such as a corporation that was a mere alter ego of an individual, against a wife whose husband had previously asserted community rights, against residents whose common interests were represented by a municipal government, against a grantee who had no greater rights than his grantor and co-grantee, and against the owner of a car who surrendered its control to a drug offender. (*Lynch*, *supra*, 44 Cal.App.3d at p. 949.) No such circumstances exist here. While Ridgecrest's representative notified the ALJ that the *Mission* litigation was pending and would have an impact on its pending administrative proceeding, Ridgecrest could not have expected to be bound by a Court of Appeal decision that held that those petitioners failed to properly plead their request for monetary relief.

Under these circumstances, we disagree with the Department's assertion that equity weighs in favor of barring Ridgecrest's claim from moving forward. As noted in the opening brief, "[t]he Department obtained a final decision holding that the *Mission* Hospitals are not entitled to retroactive reimbursement." But the Department omits the reason why the Department prevailed—the *Mission* petitioners were not entitled to

10

retroactive relief because they failed to properly request it. Ridgecrest has not made the same tactical error.

   B. <u>ALJ's authority</u>

   Next, the Department argues that the trial court erred when it concluded that the ALJ had the authority to provide Ridgecrest with requested relief. We disagree. *Mission I* found SB 1103 invalid as a result of the Legislature's failure to comply with the notice and comment requirements of federal law. (*Mission I*, *supra*, 168 Cal.App.4th at p. 480.) As a result, the Court of Appeal enjoined the Department from using SB 1103 in calculating reimbursement rates for the state fiscal year 2004-2005. (*Mission I*, *supra*, at p. 493.) An administrative agency may refuse to enforce a statute where "an appellate court has made a determination that the enforcement of such statute is prohibited by federal law or federal regulations." (Cal. Const., Art III, § 3.5(c).) That is what *Mission I* did, and the ALJ had jurisdiction to apply *Mission I* to any pending matter.

**DISPOSITION**

   The judgment is affirmed. Ridgecrest is entitled to costs on appeal.

   <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
                ASHMANN-GERST

We concur:

_____, P. J.
         BOREN

_____, J.
         HOFFSTADT

11